**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MILTON WASHINGTON,** *et al.*, | : | |
| **Plaintiffs** | : | **CIVIL ACTION NO. 3:20-0122** |
| **v.** | : | **(JUDGE MANNION)** |
| **GOVERNOR TOM WOLFE,** *et al.*, | : | |
| **Defendants** | : | |

**MEMORANDUM**

I.   **Background**

Plaintiffs, Milton Washington, Issalim Permenter, Terry Patterson and Hassan Grimes, all inmates confined in the State Correctional Institution, Dallas ("SCI-Dallas"), Pennsylvania at the time of filing the above captioned case, bring this action pursuant to 42 U.S.C. §1997.[1] The named Defendants are Governor Tom Wolf, PA Department of Corrections, DOC Secretary John Wetzel and SCI-Dallas Superintendent Kevin Ransom. Id.

---

[1] 42 U.S.C. §1997 sets forth definitions under the Civil Rights of Institutional Persons Act ("CRIPA"). Subsection 1997(a) authorizes the Attorney General to bring suit for equitable relief to ensure the "minimum corrective measures" necessary to remediate "egregious or flagrant conditions which deprive [institutional residents] of any [federally protected] rights, privileges, or immunities," provided the Attorney General finds that such deprivations occur "pursuant to a pattern or practice of resistance." 42 U.S.C. §1997a. However, it is solely the province of the Attorney General to bring suit under CRIPA. Messier v. Southbury Training School, 916 F. Supp. 133, 137 n.2 (D. Conn. 1996).

Plaintiffs' complaint, which is signed by only Plaintiffs Milton Washington and Terry Patterson, contains factual allegations that pertain only to Plaintiff Washington. Specifically, Washington alleges that as of August 7, 2019, he was incarcerated at SCI-Phoenix where he refused to take a cellmate. Id. He voluntarily signed himself into administrative custody at that facility and was granted "self-confinement" on October 24, 2019. Id. Following Program Committee Review, Plaintiff Washington was transferred to SCI-Dallas where he continued his refusal to take a cellmate. Id.

Plaintiff challenges the physical design and layout of SCI-Dallas, claiming that "the cell design here at SCI-Dallas was designed to house or hold one single inmate, it was not designed for double-celling two inmates." Id. Thus, Plaintiff Washington requests that Attorney General Shapiro be "required to represent the plaintiff in this suit filed against SCI-Dallas on behalf of the above-named plaintiff's (sic) in this case matter." Id. Plaintiff Washington further requests an injunction "barring correctional officers here as SCI-Dallas from housing more than one inmate in a cell accept [sic] for temporary measures." Id. Finally, Plaintiff Washington seeks the court to order his transfer back to "his original state institution SCI-Phoenix" and Plaintiffs Permenter, Patterson and Grimes seek transfer to "safe" state correctional institutions. Id.

- 2 -

By Order dated May 6, 2020, Plaintiffs' motions to proceed *in forma pauperis* were granted and service of process was issued. (Doc. 17). On May 15, 2020, this Court's May 6, 2020 Order addressed to Plaintiff Hassan Grimes was returned as "refused", "unable to forward," indicating that Grimes had been released. (Doc. 19).

On July 6, 2020, Defendants filed a motion to dismiss Plaintiffs' complaint, and to reconsider this Court's May 6, 2020 Order granting *in forma pauperis* status to Plaintiff Washington. (Doc. 27). On July 13, 2020, prior to Defendants' brief in support being filed, Plaintiff Washington filed a brief in opposition to Defendants' motion to dismiss. (Doc. 28). On August 3, 2020, Defendants filed a brief in support of their motion to dismiss. (Doc. 31).

On September 24, 2020, Plaintiff Patterson, filed a request to be removed as a Plaintiff in the above captioned action. (Doc. 35).

For the reasons set forth below, the Court will grant Defendants' motion to dismiss Plaintiffs Permenter and Grimes from the action, for failing to sign the complaint in violation of Fed. R. Civ. P. 11, and to withdraw *in forma pauperis* status from Plaintiff Washington, because he has had three, or more, previous lawsuits which constitute "three strikes" within the meaning of 28 U.S.C. §1915(g). The Court will grant Plaintiff Patterson's request to be removed from the above captioned action. The Court will deny Plaintiff

Washington's motion for leave to proceed *in forma pauperis* and dismiss the action without prejudice to Plaintiff Washington reopening it by paying the full statutory and administrative filing fee.

## II.   Discussion

### A. Rule 11

Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading . . . must be signed by . . . a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). All four Plaintiffs are proceeding *pro se* and are thus required to each sign the complaint. A review of the complaint reveals that only Plaintiffs Washington and Patterson signed the complaint. Thus, Plaintiffs Permenter and Grimes[2] should be dismissed as Plaintiffs for failure to sign the complaint as required by Fed. R. Civ. P. 11(a).

### B. Motion for Reconsideration

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and

---

[2] In addition to Plaintiff Grimes' failure to sign the complaint, in violation of Rule 11, Grimes should be dismissed from the above captioned action for failure to comply with his obligation to inform the Court of an address change. (See Doc. 4).

the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); see also Baker v. Astrue, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence ... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate when a court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the [c]ourt by the parties or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996).

In support of their motion for reconsideration, Defendants submit docket sheets referencing four civil actions, filed by Plaintiff Washington, that were dismissed as frivolous. (Doc. 31-1). This new evidence demonstrates the need for this Court to correct a clear error of fact when it granted Plaintiff

Washington's *in forma pauperis* status to proceed with the above captioned action.

Pursuant to 28 U.S.C. §1915(g), a prisoner who has filed three civil actions that were dismissed on the basis that they were frivolous, malicious, or failed to state a claim upon which relief may be granted may not proceed *in forma pauperis* "unless the prisoner is in imminent danger of serious physical injury" at the time the complaint was filed. Ball v. Famiglio, 726 F.3d 448, 467 (3d Cir. 2013), abrogated in part by Coleman v. Tollefson, 575 U.S. 532 (2015). Prisoners with three strikes who cannot satisfy the imminent danger exception are not barred from filing additional federal actions, rather they are denied the privilege of proceeding *in forma pauperis* and must pay the requisite filing fee in full prior to commencing a new action. Abdul-Akbar v. McKelvie, 239 F.3d 307, 314 (3d Cir. 2001). Thus, when denying or revoking a prisoner's *in forma pauperis* status because of his or her accrual of three strikes, the court must determine what strikes the prisoner accrued prior to initiating the action immediately before the court. Gibbs v. Ryan, 160 F.3d 160, 162 (3d Cir. 1998). If determined to have three qualifying strikes to their name, then the court must consider whether the prisoner qualifies for the "imminent danger" exception.

When deciding whether a prisoner meets the "imminent danger" requirement, a court must examine the situation faced by the prisoner at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." Abdul–Akbar, 239 F.3d at 312. Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to *pro se* litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of irrational or wholly incredible." Gibbs v. Cross, 160 F.3d 962, 966–67 (3d Cir. 1998) (quotations omitted).

The Court takes judicial notice of the fact that Plaintiff has at least "three strikes" within the meaning of 28 U.S.C. §1915(g).[3] (See Doc. 31-1).

Although Plaintiff has had at least three previous "strikes," he may be entitled to proceed *in forma pauperis* under the "imminent danger" exception to the three strikes rule. To satisfy the imminent danger exception, Plaintiff must allege facts showing that he was in imminent danger at the time the

---

[3] The three strike rule announced by the United States Court of Appeals for the Third Circuit in Byrd v. Shannon, 715 F.3d 117, 126 (3d Cir. 2013) is that "a strike under §1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous, malicious, or fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§1915A(b)(1), 1915(e)(2)(B)(i), 1915e(2)(B)(ii) or Rule 12(b)(6) of the Federal Rules of Civil Procedure."

- 7 -

complaint was filed; allegations that the prisoner has faced imminent danger in the past are insufficient to trigger the exception to section 1915(g). See Abdul-Akbar v. McKelvie, 239 F.3d 307 (3d Cir. 2001) (overruling Gibbs v. Roman, 116 F.3d 83, 86 (3d Cir. 1997)). In making this determination, the court should construe all allegations in a complaint in favor of the plaintiff. Gibbs v. Cross, 160 F.3d 962, 965 (3d Cir. 1998); Gibbs v. Roman, 116 F.3d at 86. The Court of Appeals for the Third Circuit has instructed that:

> "[i]mminent" dangers are those dangers which are about to occur at any moment or are impending. By using the term "imminent," Congress indicated that it wanted to include a safety valve for the "three strikes" rule to prevent impending harms, not those harms that had already occurred. The imminent danger exception allows the district court to permit an otherwise barred prisoner to file a complaint I.F.P. if the prisoner could be subject to serious physical injury and does not then have the requisite filing fee.

Abdul-Akbar, 239 F.3d at 315 (internal citation omitted).

After reviewing the allegations contained in the instant Complaint, the Court finds that Washington has not satisfied the imminent danger exception. As our appellate court instructed, the Court may "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." Ball v. Famiglio, 726 F.3d 448, 468 (3d Cir. 2013) (quotations omitted). As the United States Court of Appeals for the Third Circuit has noted, "[a] court need not accept all allegations of injury" or "accept without question the truth of the plaintiff's allegations." Brown v. City of Philadelphia, 331 F. App'x 898,

900 (3d Cir. 2009). "To the contrary, a court may discredit 'factual claims of imminent danger that are 'clearly baseless'." Id. (quoting Gibbs v. Cross, 160 F.3d 962, 967 (3d Cir. 1998)).

Thus, the Court will grant Defendants' motion for reconsideration and revoke Plaintiff Washington's *in forma pauperis* status.

III.   **Conclusion**

Based on the discussion above, Plaintiff Patterson's request to be removed from this action will be granted. Defendants' motion to dismiss Plaintiffs' Permenter and Grimes for their failure to comply with Fed. R. Civ. P. Rule 11, will be granted. Defendants' motion for reconsideration of this Court's May 6, 2020 Order granting Plaintiff Washington's motion for leave to proceed *in forma pauperis* will be granted and Plaintiff Washington's motion to proceed *in forma pauperis* will be denied in accordance with 28 U.S.C. §1915(g). This action will be dismissed, without prejudice, to Plaintiff Washington refiling it by paying the full statutory and administrative filing fee. A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 29, 2021**
20-0122-01

- 9 -